Green, .T.
delivered the opinion of the court.
It is insisted for the plaintiff in error, that as he was found not guilty as charged in the first and third counts of the im dictment on the first trial, andón the second trial, he was found not guilty as charged in the second count, that he has been •acquitted of the whole charge; that the trial the second time, upon the first and third counts, was against the constitution and laws of the land, and that he is entitled to be discharged from the prosecution.
*335 The Attorney General admits, that it is against law to try and punish a party for an offence, of which he has been acquitted on a former trial; but he contends, that the verdict of the jury was an entire thing, and that the court could not set it aside in part without setting it aside altogether; and that as the new trial was granted upon the application of the plaintiff in error, in order to afford him the benefit which he sought, he was necessarily deprived of the verdict in his favor upon the first and third counts of the indictment.
An indictment is a written accusation of one or more persons, of a crime, presented upon oath by a jury of twelve or more men, termed a grand jury. 1 Chitty Crim. Law, 168. It is frequentiy advisable to insert two or more counts in an indictment. 1-Chit. Crim. Law, 248. But every separate count charges the defendant as if he had committed a distinct offence, because it is upon the principle of the joinder of of-fences, that the joinder of counts is admitted. 1 Chit. Crim. Law, 249. In point of law, there is no objection to the insertion of several distinct felonies of the same degree, though committed at different times, in the same indictment against the same offender." 1 Chic. Crim. Law, 253. And several persons may be joined in the same indictment, charged in separate counts, with distinct offences; but they must be of the same nature, and such as will admit the same plea, and the same judgment. Starkie’s Crim. Pl, 48: 2 Hale, 174: 8 East, 46.
In all these cases of joinder, whether of different offenders or of different offences against the same individual, the jury may find a verdict of guilty upon some of the counts, and not guilty upon others. 1 Chit. Crim. Law, 638, 640, 641.
It is well settled, that where several defendants are tried at the same time, and some are acquitted and some convicted, the court may grant a new trialas to those convicted, without being under the necessity of setting aside the entire verdict. Tidd. 820: 6 T. R. 619. The establishment of this proposition defeats the argument upon which the Attorney General mainly relies; and by showing that the verdict may be set aside in part, and as to part remain in force, and that this will be done, where different defendants may have been joined, *336 and some were acquitted and some convicted, there can be but little difficulty in coming to a correct conclusion in this case.
We have seen that every count of an indictment contains a charge of a distinct offence, and that it is upon the principle of joinder of offences, that the joinder of counts is admitted. 1 When, therefore, a party is acquitted of the charge in one ! count of the indictment, he is clear of that charge forever', fíe can no more be brought-in jeopardy upon that charge again, than if it were the only count in the indictment.
In the case of King vs. Mawbry, 6 T. R. 638, there was no question but that a defendant in a criminal case, who had been acquitted, could not be tried a second time. The only difficulty was, whether as those acquitted could not be again tried, those who were convicted could be relieved, however unjust the verdict. The Attorney General argued that they could not, because the verdict was an entire thing, and could not be set aside in part. All the judges, however, in delivering their judgment, decide, that a new trial may be granted to those who were convicted, although-the others could not be tried again. Now where is the difference between that case, and the one under consideration? The same principle regulates the join-der of counts charging different offences against the same person, and counts charging different persons. Does it not seem to follow, that the consequences of a like finding should he similar? But it is said that in this case, the entire verdict was in fact set aside, and that as this was done upon the application of the defendant, he gave up his right to a judgment of acquittal upon the first and third counts, in order to get the benefit of another trial upon the second, and that he cannot now object that he was tried upon the whole indictment.
It is not necessary to determine how far a party could be held to even an express waiver of the benefit of a verdict of acquittal. It is enough that in this case, he has not done so. He moved for a new trial. We are not to suppose his application was more extensive than his necessities. As he had been acquitted upon two counts, he could have no motive- to ask for another trial, except upon the one on which he was found guilty; and we are not to understand his .application as *337 going farther. But the record shows that the judge in granting the new trial, set aside the verdict. This was error; it im--properly revived the proceedings upon those counts on which he was acquitted.
In England, when a new trial is granted in favor of two defendants, who have been convicted', while others hake been acquitted, in order to prevent the revival of proceedings against the latter, there are two methods which may be adopted, the first of which is, to alter the original venire so as to make-it embrace those only who have been convicted; and the other is, to make an entry on the record, that the verdict was improperly taken against those who were convicted, and then to award anew trial, as far as they are concerned. 1 Chit. Crim. Law, 660:6 T. ft. 626. So in this case, the judge sbouldhave made an entry on the record that the verdict was improperly taken against the defendant on the second count, and as to that count, he should have awarded a new trial. Had this been done, the proceedings upon the other two counts would 'not have been revived. But although they were improperly revived, it was error to'try the defendant a second time upon them. Every count charges a distinct offence. Having been once tried upon all the counts and acquitted of some of them, to try him again upon the same counts would be putting him in jeopardy a second time for the same charge, contrary to the tenth section of flic bill of rights.
Suppose a party were charged in the same court, in three separate indictments, with three distinct offences, and to-save time and trouble it were agreed that they should be joined, and that he should be tried in all the cases at the same time.If the jury in such case were to acquit him of two of the charges, and find him guilty of the third, and upon his application, a new trial were awarded, would it ever be thought that he could be tried again upon the charges of which he had been acquitted? Surely not; and yet the case before the court is the same in principle. Mach of these counts charged a distinct offence. T'!$pon the third count, the defendant has been heretofore tried and acquitted. The present conviction and judgment, are therefore erroneous, aud must be reversed, and the defendant discharged. Judgment reversed.